# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD COHEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1343 CDP |
| | ) | |
| CORIZON MEDICAL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information, the Court assesses a partial initial filing fee of $1.90, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will direct the Clerk to serve defendants Corizon, Inc., and Dr. Charles Chastain with process.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action against defendants pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.

Plaintiff sues Corizon, Inc., Dr. Charles Chastain, Dr. Unknown Chein, and an unknown medical device supplier. Plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") in April 2014 when a doctor determined he needed knee replacement surgery. Plaintiff was transferred to an outside hospital for the surgery. Dr. Chein performed the surgery on April 22, 2014. After the surgery, he informed plaintiff that there were complications during the surgery. Dr. Chein purportedly told plaintiff, "The knee replacement did not fit well and was forced into place. You are suffering excessive hemorrhaging."

Plaintiff claims that Dr. Chein told him that he needed to remain hospitalized because of vascular damage, and he contacted Corizon for authorization. Plaintiff asserts that Corizon denied the request as a result of their policy requiring inmates to return to prisons within twenty-four hours after surgery. Plaintiff returned to ERDCC on April 24, 2014.

Within twenty-four hours of his arrival at ERDCC, plaintiff needed a blood transfusion because of excessive bleeding. From April 24, 2014, through July 10, 2014, plaintiff bled excessively. Dr. Chastain gave plaintiff several blood transfusions until plaintiff was transferred to the Farmington Correctional Center ("FCC") on June 24, 2014. Dr. Chastain allegedly told plaintiff that he was concerned about the possibility of blood loss and infections. Plaintiff asserts

that Dr. Chastain told plaintiff that he wanted to return him to the hospital but that his hands were tied by Corizon's policies. Thus, Dr. Chastain continued to treat plaintiff at ERDCC instead of transferring plaintiff to an outside facility for treatment.

Upon his arrival at FCC, plaintiff was diagnosed with anemia, a high fever, and excessive blood loss. The staff physician at FCC determined that plaintiff was in critical condition and transferred him to a trauma and surgical intensive care facility. Plaintiff underwent immediate emergency surgery on his arrival. His surgeon diagnosed him with a staph infection, severe vascular damage, excessive bleeding, and anemia. The doctor told him he had a "botched knee replacement" and subsequent neglect.

Plaintiff seeks compensatory damages in this matter.

**Discussion**

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears Roebuck & Co.*, 984 F.2d 972, 95-76 (8th Cir. 1993).

The Court finds that the complaint states a plausible claim for relief against defendants Corizon and Dr. Chastain.[1] As a result, the Court will order to serve these defendants with process.

The allegations against Dr. Chein do not rise above the level of negligence. Although he allegedly "botched" the surgery, there is no indication that he was a "state actor" or that he disregarded plaintiff's serious medical needs under the Eighth Amendment. Rather, he sought authorization from Corizon to keep plaintiff in the hospital for treatment. Consequently, the Court will dismiss Dr. Chein from this action.

To establish liability on the part of the unknown medical supplier, plaintiff must establish that it is a "state actor." "It is well settled that a private party may be held liable on a § 1983 claim if 'he is a willful participant in joint action with the State or its agents.'" *Mershon v. Beasely*, 994 F.2d 449, 451 (8th Cir. 1993) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)); *see Americans United for Separation of Church and State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 422 (8th Cir. 2007). "In construing that test in terms of the allegations necessary to survive a motion to dismiss, this circuit has held that a plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon*, 994 F.2d at 451. There are no allegations in the complaint showing that the supplier conspired with the State to deprive plaintiff of his rights. Additionally, plaintiff has not indicated that the device was defective. Rather, he has stated that Dr. Chein believed it was a faulty placement of the device that caused the problems with plaintiff's knee replacement. Therefore, the supplier must be dismissed from this action.

---

[1] Plaintiff has stated both an official capacity claim against Dr. Chastain, as well as an individual capacity claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. # 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.90 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[2]

**IT IS FURTHER ORDERED** that the Clerk is directed to serve process on defendants Corizon, Inc., and Dr. Charles Chastain pursuant to the service agreement the Court maintains with Corizon, Inc. Corizon shall be served in its official capacity only. Dr. Chastain shall be served in both his official and individual capacity.

**IT IS FURTHER ORDERED** that defendants Dr. Unknown Chein and Medical Device Supplier are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be filed separately.

Dated this 11th day of October, 2016.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

---

[2] Prisoners must pay the full amount of the $350 filing fee. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).