# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DONALD COHEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:16-CV-1343 CDP |
| CORIZON, LLC, et al., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's amended complaint. Because plaintiff is currently an inmate within the Missouri Department of Corrections and proceeding in forma pauperis in this action, his amended complaint is subject to review pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and for failure to state a claim. After reviewing the amended complaint, the Court will dismiss plaintiff's claims against defendant Corizon, LLC from this action.

## Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action against defendants Corizon LLC and Dr. Charles Chastain pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights.

Plaintiff was incarcerated at the Eastern Reception Diagnostic and Correctional Center ("ERDCC") in April 2014 when a doctor determined he needed knee replacement surgery. Plaintiff was transferred to an outside hospital for the surgery, and Dr. Tony Chein performed the surgery on April 22, 2014.

Plaintiff claims that within twenty-four (24) hours of his arrival at ERDCC after discharge from the hospital, he needed a blood transfusion because of excessive bleeding. Plaintiff asserts that from April through June of 2014, he suffered excessive bleeding and needed additional blood transfusions. He claims that during this time period at ERDCC, he was under the care of Dr. Charles Chastain. Plaintiff claims that during this time period he asked Dr. Chastain, on several occasions, if he could be seen by a vascular specialist/vascular surgeon. Plaintiff asserts that his requests were ignored or rejected by defendant Chastain. Plaintiff claims that defendant Chastain did express concern that his knee could be infected, but defendant Chastain took no action to address the continuous and excessive bleeding.

Plaintiff claims that in June of 2014 he was transferred to the Farmington Correctional Center ("FCC"). Upon his arrival at FCC, plaintiff asserts that he was diagnosed with a serious

health condition and immediately taken to a hospital. Plaintiff claims that he was immediately placed under the care of a vascular surgeon and subjected to surgery. He states that between July of 2014 and October of 2014 he was subjected to three additional surgeries on his knee. HE claims that in October of 2014, he had to have a second knee replacement on the same knee that was operated on by Dr. Chien in April of 2014.

Plaintiff seeks compensatory and punitive damages, as well as attorneys fees, in this matter.

**Discussion**

Plaintiff has alleged an Eighth Amendment violation for denial of medical care against both Dr. Charles Chastain, as well as Corizon, LLC. Plaintiff has also alleged a violation of "respondeat superior" against defendant Corizon LLC. Defendant Chastain has been named in this lawsuit in his individual capacity only.

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

In order to state a claim against Corizon, plaintiff must allege that there was a policy, custom or official action that caused an actionable injury. *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993).

3

Plaintiff has stated enough factual allegations to properly allege a claim against defendant Chastain in his individual capacity under the Eighth Amendment for deliberate indifference to plaintiff's serious medical needs.  However, plaintiff has not alleged that there was a policy, custom or official action by Corizon, LLC that caused an actionable injury against plaintiff; thus, he has not stated an Eighth Amendment claim against defendant Corizon.  It is not enough to state that Corizon acted under "respondeat superior," or by and through the aegis of Dr. Chastain, as an entity cannot be held responsible under the theory of respondeat superior under § 1983 liability. See *Sanders,* 984 F.2d at 976; See also *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits).

The Court finds that the amended complaint states a plausible claim for relief under the Eighth Amendment against defendant Dr. Chastain in his individual capacity.  The claims against Corizon will be dismissed by separate order.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claims in his amended complaint against defendant Chastain, in his individual capacity, under the Eighth Amendment, are properly alleged pursuant to 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that plaintiff's claims in his complaint against defendant Corizon are dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Partial Dismissal will be filed separately.

Dated this 16th day of February, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE